UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| LARRY CURLS, | Civil No. 12-1011 (MJD/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| DICK'S VALLEY SERVICE, INC., | |
| Defendant. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a). (Docket No. 2.)  The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed for lack of federal subject matter jurisdiction.

**I. BACKGROUND**

Plaintiff alleges that on November 16, 2010, he was driving on a Minnesota highway when his vehicle stopped running.  He went to get help from a service station, but when he got back, his vehicle was gone.  Plaintiff later learned that his vehicle had been towed away by Defendant, Dick's Valley Service, Inc.  When Plaintiff tried to retrieve his vehicle, Defendant allegedly informed him that he would have to pay certain towing and storage fees before the vehicle would be released to him.  As far as the Court can tell, Plaintiff never paid the fees demanded by Defendant, and Defendant has never returned the vehicle to Plaintiff.

Plaintiff now claims that Defendant "towed and detaine[d]" his vehicle without a signed contract or any other legal authorization. He is seeking a judgment against Defendant that would either (a) compel Defendant to return the vehicle and its contents, or (b) award him the sum of $50,000.00 to compensate him for the loss of the vehicle and its contents.

Plaintiff has not identified any grounds for federal subject matter jurisdiction, even though he was specifically directed to do so. (See Complaint, [Docket No. 1], p. 3, § 3.) It is therefore necessary to consider whether subject matter jurisdiction actually does exist in this case.

## II. DISCUSSION

"Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte." Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971), cert. denied, 405 U.S. 926 (1972), (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." (Emphasis added.)

Here, there are no allegations in the complaint which suggest that Plaintiff's claims are based on the federal Constitution, or on any laws or treaties of the United States. The complaint form that Plaintiff has used directed him to identify any federal question at issue in this case. (See Complaint, p. 3, § 4.) That section of Plaintiff's complaint has been left blank, which plainly indicates that Plaintiff's claims are not based on any federal law. Moreover, it clearly appears that Plaintiff's claims must be based on some state law cause

CASE 0:12-cv-01011-MJD-FLN   Document 4   Filed 05/01/12   Page 3 of 4

of action – presumably replevin, conversion, fraud, unjust enrichment, or some other common law theory. Therefore, subject matter jurisdiction cannot exist under the "federal question" statute, 28 U.S.C. § 1331.

It is also readily apparent that subject matter jurisdiction cannot exist under the "diversity of citizenship" statute, 28 U.S.C. § 1332. Jurisdiction is conferred by that statute only when (i) the parties reside in different states, and (ii) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." Here, the complaint plainly shows that both Plaintiff and Defendant are residents of Minnesota. (Complaint, pp. 1-3, §§ 1, 2 and 6.) Thus, there obviously is no diversity of citizenship in this case, so subject matter jurisdiction cannot exist under § 1332.[1]

## III. CONCLUSION

For the reasons discussed above, the Court finds that federal subject matter jurisdiction does not exist in this case under either the federal question statute or the diversity of citizenship statute. The Court will therefore recommend that Plaintiff's IFP application be denied, (see 28 U.S.C. § 1915(e)(2)(b)), and that this action be summarily dismissed for lack of jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).[2]

---

[1] The Court also notes that Plaintiff is seeking to recover only $50,000.00 from Defendant. Therefore, even if diversity of citizenship did exist, there still would be no federal subject matter jurisdiction under § 1332, because the $75,000.00 amount-in-controversy requirement is not satisfied.

[2] The Court's recommendation does not necessarily signify that Plaintiff has no legal recourse for the grievances described in his complaint. Plaintiff could, perhaps, seek relief in state court, based on some state common law theory. However, Plaintiff's current complaint is very weak in several respects, (besides just lack of federal subject matter jurisdiction), and he is strongly encouraged to seek legal assistance before pursuing any further court actions.

3

**IV. RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

and

2. This action be summarily **DISMISSED** for lack of jurisdiction.


Dated:   April 30, 2012

s/ Franklin L. Noel<br>FRANKLIN L. NOEL<br>United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **May 14, 2012**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.   This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.